# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

JESSENIA GONZALEZ, )
)
      Plaintiff, )
)
v. )     No. 1:23-cv-979
)
TRANS UNION, LLC; EXPERIAN )
INFORMATION SOLUTIONS, INC.; )
HOME DEPOT, INC.; and )
CITIBANK, N.A., )
)
      Defendants. )

## PLAINTIFF'S COMPLAINT

Plaintiff, JESSENIA GONZALEZ (Plaintiff), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendants, TRANS UNION, LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), HOME DEPOT, INC. ("Home Depot"), and CITIBANK, N.A. ("Citibank"), ("Defendants" collectively):

## INTRODUCTION

1. Counts I to IV of Plaintiff's Complaint are based on Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., and pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

4.  Plaintiff is a natural person residing in Eaton, Weld County, Colorado.

5.  At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA.

6.  Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Colorado, is a citizen of the State of Colorado.

7.  Defendant Experian is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the State of Colorado, is a citizen of the State of Colorado.

8.  At all relevant times Defendants Trans Union and Experian were each a "consumer reporting agency" as that term is defined by the FCRA.

9.  Defendant Home Depot regularly conducts business in the City of Eaton, Weld County, Colorado, and has a principal place of business in the City of Atlanta, Fulton County, State of Georgia.

10. Defendant Home Depot is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

11. Defendant Citibank regularly conducts business in the City of Eaton, Weld County, Colorado and has a principal place of business located in Sioux Falls, South Dakota.

12. Defendant Citibank is a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

13. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

14. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

15. Defendants Experian and Trans Union have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

16. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: The Home Depot/Citibank ("the Account").

17. In or around March 2022, Plaintiff reviewed her credit report from Defendants Experian and TransUnion and discovered a charge on her account/tradeline with The Home Depot and Citibank (Account No. 603532096912****), which does not belong to Plaintiff.

18. The Account originates from a fraudulent purchase at Home Depot made on Plaintiff's Citibank debit card.

19. On or about March 3, 2022, Plaintiff sent a letter to Experian and Trans Union informing them of the inaccurate reporting of the trade-line.

20. Plaintiff requested that Defendants Trans Union and Experian correct the inaccurate reporting of the Account.

21. Plaintiff additionally disputed the account with Home Depot and explained that she was the victim of identity theft and fraud.

22. Plaintiff provided to Home Depot a copy of the police report and video surveillance footage of the purchaser showing that Plaintiff did not make the charge at issue.

23. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

24. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

25. On or about March 3, 2022, Plaintiff disputed the inaccurate information with Defendants Trans Union and Experian by written communication to their representatives [and by following Defendant Trans Union's and Experian's established procedure for disputing consumer credit information].

26. At all times relevant, Home Depot and Citibank also furnished information about the account to Plaintiff's credit file.

27. At all times relevant, Home Depot and Citibank inaccurately reported a $426.00 charge on the account to Plaintiff's credit file.

28. Upon information and belief, Defendants Experian and Trans Union notified Defendants Home Depot and Citibank of Plaintiff's dispute and the nature of the dispute.

29. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Experian and Trans Union, Defendants Home Depot and Citibank received notification from Defendants Experian and Trans Union of Plaintiff's dispute and the nature of the dispute.

30. Upon information and belief, Defendants Experian and Trans Union received the results of Defendants Home Depot's and Citibank's investigation as to Plaintiff's dispute.

31. Upon information and belief, Defendants Experian and Trans Union updated the reporting of the account at issue solely based upon the information it received from Defendants Home Depot and Citibank in response to Plaintiff's dispute.

32. Defendant Experian and Trans Union did not send the results of the above-referenced dispute to Plaintiff, which confirmed the reporting of the alleged debt.

4

33. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

34. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

35. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

36. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.  Impeded Plaintiff's ability to obtain credit;

    b.  Out of pocket expenses associated with disputing the information only to find the information to remain on the consumer report;

    c.  Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d.  Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and

    e.  Decreased credit score which may result in inability to obtain credit on future attempts.

## COUNT I
## DEFENDANT EXPERIAN VIOLATED THE FAIR CONSUMER REPORTING ACT

37. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

38. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Experian is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

39. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, JESSENIA GONZALEZ, respectfully requests judgment be entered against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for the following:

40. All actual compensatory damages suffered pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

41. Statutory damages of $1,000.00 pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

42. Costs and reasonable attorneys' fees pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

43. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Consumer reporting Act, 15 U.S.C. § 1681n(a); and

44. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT TRANS UNION VIOLATED THE FAIR CONSUMER REPORTING ACT

45. Plaintiff repeats and re-alleges paragraphs1-36 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file, in violation of 15 U.S.C. §1681e(b).

47. Trans Union's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Trans Union is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JESSENIA GONZALEZ, respectfully requests judgment be entered against Defendant, TRANS UNION, LLC, for the following:

48. Statutory damages of $1,000.00 pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

49. Costs and reasonable attorneys' fees pursuant to the Fair Consumer reporting Act, 15 U.S.C. § 1681n(a);

50. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Consumer reporting Act, 15 U.S.C. § 1681n(a); and

51. Any other relief that this Honorable Court deems appropriate.

**COUNT III**
**DEFENDANT THE HOME DEPOT VIOLATED THE FAIR CREDIT REPORTING ACT**

52. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

53. Defendant Home Depot violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

a. Willfully and negligently failing to review all relevant information concerning

8

Plaintiff's account provided to Home Depot;

b.  Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

c.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

d.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

e.  Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

54.  Home Depot's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Home Depot is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JESSENIA GONZALEZ, respectfully requests judgment be entered against Defendant HOME DEPOT, INC., for the following:

55. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

56. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

57. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

Any other relief that this Honorable Court deems appropriate.

**COUNT IV**
**DEFENDANT CITIBANK, N.A. VIOLATED THE FAIR CREDIT REPORTING ACT**

58. Plaintiff repeats and re-alleges paragraphs 1-36 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

59. Defendant Citibank violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    f.   Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    g.   Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    h.   Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    i.   Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

    j.   Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

60. Citibank's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Citibank is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, JESSENIA GONZALEZ, respectfully requests judgment be entered against Defendant CITIBANK, N.A., for the following:

61. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

62. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

63. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 19, 2023                    By: /s/ Taylor L. Kosla_____
                                      Taylor L. Kosla
                                      Agruss Law Firm, LLC
                                      4809 N. Ravenswood Ave., Suite 419
                                      Chicago, IL 60640
                                      Tel: 312-224-4695
                                      Fax: 312-253-4451
                                      taylor@agrusslawfirm.com
                                      Attorney for Plaintiff